UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| QUANARDEL WELLS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cv-03036-JRS-MJD ) |
| DANIEL BEDWELL individual & official capacity, LISA BOCK individual & official capacity, JOHN SCHILLING individually & official capacity, ARAMARK CORPORATION individual & official capacity, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ENTRY GRANTING MOTION FOR SUMMARY JUDGMENT
AND DIRECTING PLAINTIFF TO SHOW CAUSE**

**I. Background**

Plaintiff Quanardel Wells, an inmate currently incarcerated at the Pendleton Correctional Facility (Pendleton), filed this civil rights action on July 22, 2019. Dkt. 2. The defendants in this action are Daniel Bedwell, Lisa Bock, John Schilling, and Aramark Corporation. Mr. Wells alleged in his complaint that while he was incarcerated at Wabash Valley Correctional Facility (Wabash Valley) in July 2017, he was wrongfully terminated from his job in the Wabash Valley kitchen. He further alleged that he was fired in retaliation for complaining about having to work in a racially hostile environment.

The defendants have moved for summary judgment seeking resolution of the claims against them on the basis that Mr. Wells failed to exhaust his available administrative remedies before filing this action. Dkt. 24.

## II. Legal Standard

The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA'"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

## III. Discussion

It is undisputed that Mr. Wells did not file any grievances after July 2017 relating to the termination of his job. In response to the motion for summary judgment, Mr. Wells now argues that the date he alleged he was terminated was incorrect in his complaint. He alleges that the events alleged in the complaint occurred in July 201**6,** not 201**7**. Mr. Wells further alleges that he did exhaust his administrative remedies in July 2016. He has attached copies of grievances and an appeal he submitted in July and August 2016, although none of those documents appear to include responses from prison staff. *See* dkt. 29-1.

The defendants have carried their burden of establishing that Mr. Wells did not exhaust any claims that he was improperly terminated from his prison job in 2017, as alleged in the complaint. Accordingly, their motion for summary judgment, dkt. [24], is **granted.**

### IV. Further Proceedings

The complaint remains the operative pleading in this action. It alleges that wrongdoing occurred in July 2017. Mr. Wells now asserts that that date is incorrect. Rather than allowing the plaintiff to file an amended complaint, another threshold issue must be addressed. As noted above, the action was filed on July 22, 2019, three years after the alleged incidents occurred. In Indiana, the applicable statute of limitations period is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34–11–2–4.

If the date alleged in the complaint had been correct, at screening the Court would have directed Mr. Wells to show cause why the action should not be dismissed as untimely. *See Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015) (at screening the district court may invoke an affirmative defense, such as the statute of limitations, if it is clear from the complaint that the defense applies.). Therefore, that is what must be directed at this time.

Mr. Wells shall have **through April 14, 2020,** in which to **show cause why** this action should not be dismissed as untimely filed. Failure to respond to this Entry will result in the dismissal of the action for failure to exhaust administrative remedies, and in the alternative, as untimely.

IT IS SO ORDERED.

Date: 3/13/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

QUANARDEL WELLS
881139
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com

Thomas Joseph Flynn
INDIANA ATTORNEY GENERAL
tom.flynn@atg.in.gov

Lauren Hardesty
HUME SMITH GEDDES GREEN & SIMMONS
lhardesty@humesmith.com